Nash, J.
The plaintiff in error seeks to have the judgment of the district court reversed on the theory that a railroad passenger ticket, like those described in the statement of facts, is negotiable and passes by delivery from the holder to a purchaser, and that any person purchasing and receiving such ticket from any holder thereof takes it freed of all equities of the railroad company, or defects of title, or want of authority in the seller to dispose of it.
The character of a railroad passenger ticket has been considered by the supreme court of this state. In the case of C. C. & C. R. R. Co. v. Bartram, 11 Ohio St., 457, it is spoken of as “ a convenient symbol to represent the fact that the bearer has paid to the company the agreed price for his conveyance upon the road to the place therein designated.” Again, in the case of Railroad Company v. Campbell, 36 Ohio St., 647, it is said that a railroad ticket “ is *564 simply a voucher that the person in whose possession it is, has paid his fare.” Lawson, in his work on “ Contracts of Carriers,” § 106, p. 116, saj^s “ that a railroad or steamboat ticket is nothing more than a mere voucher that the party to whom it is given, and in whose possession it is, has paid his fare and is entitled to be carried a certain distance,” and supports his definition by the citation of numerous decisions.
It thus seems to be well established that a railroad ticket is a receipt or voucher. It has more the character of personal property than that of a negotiable instrument. When the possession of such a ticket has been obtained by fraud the company has parted with the possession of it, but not with the title to it, and the person purchasing from the holder, although for value and without notice of equities, takes no better title than the party had who fraudulently obtained possession of it. We do not perceive that the holder of such a ticket is in any better position than the bona jMe purchaser of goods from one in possession, for a valuable consideration, and without notice of any defect in his vendor’s title. Such a purchaser cannot be protected against the title of the true owner in a case where the vendor had fraudulently obtained his possession and without the knowledge or consent of the owner, although previous to such possession he had, by false and fraudulent representations, induced the owner to enter into a contract for the salé of the goods. Dean v. Yates, 22 Ohio St., 388; Hamet v. Letcher, 37 Ohio St., 356.
From the facts found by the court below it appears that the possession of the tickets in controversy were obtained from Ingalls, receiver of the railroad company, by the fraud of Fordyee, and we conclude that Frank, the purchaser from Fordyee, obtained no title thereto.
Eagan, the agent of the receiver, authorized to sell such tickets, and stamp and deliver the same upon receiving pay therefor, did not bind his principal when he stamped and delivered the tickets, without his knowledge or consent, to *565 a third person, to be sold by him, and to be paid for when sold.

•Judgment affirmed.